## COTTER *vs.* THE CITY COUNCIL OF AUGUSTA.

The evidence as to dedication, continuous use and non-abandonment was sufficient to warrant the verdict, and if any error was committed in charging the jury, it was too slight to require a new trial.

April 30, 1888.

Evidence. Verdict. New trial. Before Judge RONEY. Richmond superior court. April adjourned term, 1887.

Reported in the decision.

HOOK & MONTGOMERY, for plaintiff.

JOHN S. DAVIDSON, for defendant.

BLECKLEY, Chief Justice.

The action was against the city council for trespass by causing a fence to be broken which the plaintiff had erected on the disputed premises.   The city council defended on the ground that the premises were a public street, and not private property.   There was evidence *pro* and *con*, the question turning on dedication to the city and continuous use by the city, without abandonment.   It appeared that certain contiguous private property had no other street on that side, and that this contiguous property was sold by the alleged dedicator after the alleged dedication, but without describing the disputed street as a boundary.   It further appeared that the alleged dedication was by a member of the city council, acting at the same time both as agent of the owner of the property to make the dedication, and as a member of the council to accept the same.   No repudiation of his act by the owner was shown for a period of thirty years, and then the owner made a quit-claim deed to the plaintiff, subject to all rights of the city, selling at a reduced price because of the known claim of the city that the premises constituted a street. They were designated as a street in the city maps.   There was slight evidence of working and using them as a street, but they were so situated, with reference to a canal over which there was no bridge except at another point, as to render them of no substantial service to the public.

In charging the jury upon abandonment, the court qualified the general rule with the proviso that private rights are not affected.   The court declined to charge that a dedication to the city is no dedication to the public, as distinguished from the city.   The court charged that to

constitute public use, use by any number, one, two, three, four or five, would be sufficient. The jury found for the defendant. The court refused to grant a new trial.

If there was error, it is not so apparent as to constrain us to overrule the judgment refusing a new trial. We do not clearly see that there was any error. The case is wrapped in a dim haze of misty fact and law. A plaintiff in error who claims a new trial, can succeed only when he shows that he was entitled to the new trial which the court below denied him.

We have not arrived at our conclusion hastily, but after careful and mature deliberation, having held up the case for some months to give it due study.

Judgment affirmed.